**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **REGINA THOMPSON,** *on behalf of herself and all others similarly situated*, | |
| | Civil Action No. 23-cv-02630 (ZNQ) (DEA) |
| Plaintiff, | |
| v. | |
| | **OPINION** |
| **TRAVELERS INDEMNITY CO.,** *et al.*, | |
| | |
| Defendants. | |

**QURAISHI, District Judge**

     **THIS MATTER** comes before the Court upon a Motion for Remand ("Motion", ECF No. 8) filed by Regina Thompson ("Plaintiff"). Defendants Travelers Indemnity Co. and St. Paul Protective Insurance Company ("Defendants") filed a brief in opposition. ("Opp'n Br.", ECF No. 10.) Plaintiff filed a reply. ("Reply", ECF No. 14.) Defendants filed a letter sur-reply. ("Sur-reply", ECF No. 15.) Plaintiff filed a sur-sur-reply.[1] ("SSR", ECF No. 16-1.) The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motion to Remand.

---

[1] Defendants' sur-reply was filed without leave of Court. Plaintiff notes this overstep in her responsive letter submission at ECF No. 16. She requests that the Court either ignore Defendants' sur-reply or additionally consider her own sur-sur-reply. The Court hereby elects the latter, and herein considers the entirety of the parties' submitted briefing.

# I.    BACKGROUND

## A.    Factual Background

On April 13, 2023 Plaintiff commenced a civil action in the Law Division of the New Jersey Superior Court, Middlesex County.  In the initial Complaint ("Compl.", ECF No. 1-1), Plaintiff alleges that Defendants failed to pay the mandatory Personal Injury Protection ("PIP") benefits, as set forth in the insurance policy provided by Defendants, following an automobile accident. *Id.*

On June 11, 2019, Plaintiff was involved in an automobile accident, sustaining injuries which resulted in medical expenses in excess of $15,000.  The Complaint alleges that despite Plaintiff's automobile insurance policy's coverage of $15,000, Defendant informed Plaintiff that her PIP benefits had been exhausted and refused to pay more than $12,000 for medical expenses relating to her accident.

On behalf of herself and a proposed class of similar policyholders, Plaintiff alleges violations of the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq.* and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.* , and so asserts claims for breach of contract & unjust enrichment.

## B.    Procedural Background

On May 15, 2023, the matter was removed from the Superior Court of New Jersey to this Court based on Class Action Fairness Act ("CAFA") jurisdiction.  In their Notice, Defendants

argue that removal was proper because this class action contained more than 100 class members, whose damages would exceed $5,000,000 and there is at least minimal diversity of citizenship.

## II.    <u>LEGAL STANDARD</u>

A defendant may remove any civil action to a federal district court having original jurisdiction over the action.  28 U.S.C. § 1441(a).  CAFA provides federal courts with original jurisdiction over civil class actions if the removing party establishes that the: (1) parties are minimally diverse; (2) proposed class has more than 100 members; and (3) "matter in controversy exceeds the sum or value of $5 [million] exclusive of interest and costs." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting 28 U.S.C. § 1332(d)(2), (d)(6)). "To determine whether the[se] . . . jurisdictional requirements are satisfied, a court evaluates allegations in the complaint and . . . [the] notice of removal." *Id.*

While removal statutes are generally strictly construed, with any doubt to be resolved in favor of remand, *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), "no antiremoval presumption attends [CAFA] cases." *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 89 (2014).  Instead, CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed." *Id.* (quoting S. Rep. No. 109-14, p. 43 (2005)).  However, in response to a motion to remand, the removing party has the burden of showing that CAFA's requirements have been met by a "preponderance of the evidence." *Id.* at 81; *Judon* at 506; *see also La Stella v. Aquion, Inc.*, Civ. No. 19-10082, 2020 WL 7694009, at *5 (D.N.J. Dec. 28, 2020)  ("the preponderance of the evidence standard applies whenever a plaintiff disputes jurisdiction").

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See *Dart*.  "Thus, the grounds for

removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 WL 4523639, at *3, 2015 U.S. Dist. LEXIS 97408, at *8-9 (D.N.J. July 27, 2015) (citing *Dart* at 553). No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court. *Id.* When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied. *See id.* at 554.

To "determine whether the matter in controversy" exceeds the $5,000,000 jurisdictional threshold, courts must aggregate "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). In other words, CAFA instructs "the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 591, 133 S.Ct. 1345, 185 L.Ed.2d 439 (2013).

This calculation involves examining both "the dollar figure offered by the plaintiff" and the plaintiff's "actual legal claims" to determine whether "the amount in controversy exceeds the statutory threshold," see *Morgan v. Gay*, 471 F.3d at 474-75 (3d Cir. 2006), as well as considering the parties' proofs, when appropriate, to adjudicate "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart* at 554.

With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute. *See, e.g., Alegre v. Atl. Cent. Logistics*, No. 15-2342, 2015 WL 4607196, at *6, 2015 U.S. Dist. LEXIS 100214, at *16 (D.N.J. July 31, 2015) ("Plaintiff seeks reasonable attorneys' fees as part of the

class recovery, and the assessment of the amount in controversy must account for that relief.") (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)); *Goldberg v. Healthport Techs., LLC*, No. 14-2810, 2014 WL 3749210, at *3, 2014 U.S. Dist. LEXIS 104676, at *7-8 (D.N.J. July 30, 2014) (citing *Frederico v. Home Depot*, 507 F.3d at 199 (3d. Cir. 2007).).

III.   **DISCUSSION**

The Motion challenges the adequacy of Defendants' showing regarding two of the three elements required to invoke this Court's jurisdiction under CAFA: (1) the size of the proposed class and (2) the amount in controversy.  The Court considers each disputed element in turn.

A.   **Class Size**

Plaintiff argues that Defendants have not made the necessary showing as to the 100-class member threshold for CAFA because Defendants merely assert, without supporting evidence, that it is met based on the "sheer amount of time at issue in the case (from April 13, 2017, to the present)."  (Moving Br. at 4.)  Plaintiff acknowledges that her Complaint alleges there may be more than 50 members, but she highlights that it also alleges that "although the exact numbers . . . are presently unknown, [they] can be easily ascertained from Defendants' records and other appropriate discovery."  (*Id*. at 5–6.)  According to Plaintiff, such evidence is fatally absent from Defendants' notice of removal.  (*Id*. at 6.)

In support of their opposition, Defendants provide a declaration from Paula Lynch, who reviewed Defendants' business records.  In relevant part, she attests that between November 1, 2017 and March 31, 2023 (nearly, but not all of the class period alleged), Defendants paid PIP benefits in a range similar to Plaintiff's range 414 times.  (Lynch Decl. ¶ 4, ECF No. 11.) Defendants cite this number, plus or minus minor adjustments, to substantiate their assertion that

the proposed class has more than the 100 members required under CAFA.  (Opp'n Br. at 19–20.) Notably, Plaintiff does not dispute this assertion in either her Reply or her Sur-sur-reply.

Based on the Lynch Declaration, the Court finds that Defendants have shown, by the required preponderance of the evidence, that the number of claimants would greater than or equal to one hundred.  Accordingly, the Court finds that this element of CAFA jurisdiction is met.

### B.    Amount in Controversy

Defendants make a showing of their calculations of the amount in controversy in both their Opposition Brief and their Sur-sur-reply.  Defendants rely on the declaration from Paula Lynch regarding the 414 potential class members, in that the total amount of compensatory damages for these particular 414 potential claimants is $834,506.[2]  (Opp'n Br. at 11.)

Defendants argue that a CFA claim can be awarded both treble and punitive damages, and that even if only treble damages were included, that the requisite amount in controversy would still be met. (Sur-reply at 2.) While Plaintiff asks for both punitive and treble damages in her pleading, she argues that only punitive damages are available here. (SSR at 1.)  The distinction here is relevant as the multiplier used on the amount in controversy calculation hinges on the damages available to a successful plaintiff.

According to Defendants, this figure can be increased up to five-fold here because Plaintiff also seeks recovery of both treble and punitive damages.  (Sur-reply at. 2.)  Further, attorneys' fees of up to 30% would be added to this amount.  (*Id.* at 2.).

In opposition, Plaintiff argues that punitive damages would be available for common-law fraud, which she has not pled. (SSR at 1.)  Although Plaintiff seeks punitive damages, such damages are not available for its CFA claim.  The CFA's provision for an award

---

[2] This figure was calculated by subtracting the amount actually paid out for these claims of $5,375,493.52 from the total amount that would have been paid out at $15,000 each—the amount allegedly owed to Plaintiff—of $6,210,000.

of trebled damages serves the punitive penalty under the Act. *See Lettenmaier v. Lube Connection, Inc.*, 741 A.2d 591, 593-94 (N.J. 1999) (citation omitted) (explaining that one purpose of the CFA is "to punish the wrongdoer through the award of treble damages"). Punitive damages are only available where a plaintiff has pleaded common law fraud, which Plaintiff here has not pleaded. *See Debra F. Fink, D.M.D., MS, PC v. Ricoh Corp.*, 839 A.2d 942, 968 (N.J. Super. Ct. Law Div. 2003) (citing *Gennari v. Weichert Co. Realtors*, 691 A.2d 350 (N.J. 1997) ) (explaining that common law punitive damages or damages under the New Jersey Punitive Damages Act, N.J.S.A. 2A:15 5.9 to 5.17, are not expressly provided for by the NJCFA and are only allowed in cases of common law fraud, a cause of action not pleaded by plaintiff's complaint). Similarly, "[w]ith rare exception, punitive damages are not available in an action for a breach of contract, and have been restricted to tort actions." *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 865 (N.J. 1988) (citations omitted); see also *Kurnik v. Cooper Health System*, 2008 WL 2829963, at *17 (N.J. Super. Ct. App. Div. 2008). Accordingly, with only treble damages available, trebling the figure for 414 claimants comes out to $2,503,518.

Defendant also argues that even if punitive damages are excluded, the threshold for amount in controversy is still met because Plaintiff is entitled to a separate recovery for up to her actual damages on her TCCWNA claim. (Sur-reply at 2.). In opposition, Plaintiff argues that no such damages are available and that instead the correct method of calculating damages allowed by the TCCWNA is the alternative *Politi* method of calculation that assigns $100 for each plaintiff.

Courts have held that "it is fundamental that no matter under what theories liability may be established, there cannot be any duplication of damages. The common law prohibits a double recovery for the same injury." *Ptaszynski v. Atl. Health Sys.*, Inc., 111 A.3d 111, 120 (N.J. Super. Ct. App. Div. 2015) (citation omitted); see also *Prospect St. Tenants Ass'n. v. Sheva Gardens,*

*Inc.*, 547 A.2d 1134, 1149 (N.J. Super. Ct. App. Div. 1988) (CFA was "not intended to sanction duplicative damages for the same economic loss"). The damages recoverable for breach of an express warranty and unjust enrichment are effectively the same as for the CFA and PLA claims. See *Little v. Kia Motors Am., Inc.*, 233 A.3d 377, 394 (N.J. 2020) (difference-in-value is standard measure of damages in breach of warranty case); *Gupta v. Asha Enters., LLC*, 27 A.3d 953, 963 (N.J. Super. Ct. App. Div. 2011) (consequential damages available for breach of warranty claim); *Wanaque Borough Sewage Auth. v. Township of W. Milford*, 677 A.2d 747, 753 (N.J. 1996) (recovery for quasi-contract claims "is typically measured by the amount the defendant has benefitted from the plaintiff's performance").

Where punitive damages are unavailable and where actual damages cannot be added to the claimed amounts, the appropriate method of calculating damages to a TCCWNA claim is the *Politi* method. *Politi v. Boscov's, Inc.*, Civ. No. 22-01616, 2022 WL 17730893, at *6 (D.N.J. Oct. 17, 2022). In doing so, the class size is multiplied by $100 because all TCCWNA claims are valued at no less than $100 per violation, regardless of the form of relief that a plaintiff seeks. N.J.S.A. 56:12-17.

The 414 potential plaintiffs identified by Plaintiff, multiplied by $100, comes out to $414,000. This amount added on to the amount of $2,503.518 calculated earlier comes out to $2,544,918.

Successful plaintiffs may be awarded attorneys' fees of up to 30 percent. If successful, the potential total award with 30 percent of attorneys' fees comes to $3,308.393.40.

Based on the information and the calculations provided, the Court finds that Defendants have failed to show, by the required preponderance of the evidence, that the amount in controversy

would exceed $5 million.  Accordingly, the Court finds that this element of CAFA jurisdiction has

not been met.

## IV.  **<u>CONCLUSION</u>**

For the reasons stated above, the Court will grant the Motion for Remand.  A corresponding

Order follows.

Date: January 30, 2024

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**